# Commonwealth to use of Port Kennedy Slag Works *v.* Krause.

*Practice, C. P.—Judgment—Affidavit of defense—Setting aside judgment.*

Where a rule for judgment has been made absolute by the failure of the court to notice a supplemental affidavit of defense which had been allowed, and which was filed on the same day on which the judgment was rendered, the court may, before the record has been removed to the Supreme Court, correct the error by setting aside the judgment, and ordering a reargument. In such a case if an appeal has been taken and discontinued pending the reargument, no suit can be brought upon the appeal bond.

Argued Jan. 10, 1901. Appeal, No. 237, Jan. T., 1900, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1899, No. 665, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Commonwealth to use of Port Kennedy Slag Works v. Bernard J. Krause. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit upon an appeal bond.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows:

That the bond upon which suit is brought was executed by deponent on behalf of William Krause and Antoinette Krause, trading as William Krause and Son, the defendants in another branch of this case, against whom the present use plaintiff sought

to recover the sum of $2,996.30 upon a contract for delivery by them to said Wm. Krause and Son of certain merchandise. That a rule was entered in the said proceedings by the said use plaintiff for judgment for want of a sufficient affidavit of defense, and after argument of said rule, it was made absolute on October 23, 1899, and judgment entered against said William Krause and Antoinette Krause; whereupon an appeal was taken by the said William Krause and Antoinette Krause, to the Supreme Court, and the bond on said appeal executed by this deponent; subsequently deponent is informed this court desired to have the rule for judgment reargued, stating that a supplemental affidavit of defense filed by the said William and Antoinette Krause had not been considered by the court when they made said rule absolute and entered judgment. This deponent is further informed that upon the day set for said reargument, counsel for said use plaintiff objected because of the appeal to the Supreme Court pending, and thereupon this court requested that counsel for the said William and Antoinette Krause discontinue said appeal, which deponent is informed was done on December 21, 1899.

Your deponent is informed that the said reargument of the rule for judgment for want of a sufficient affidavit of defense has not as yet been disposed of by the court, because each time the same was called counsel for the use plaintiff was unable to be present on account of illness.

Your deponent is advised that there has been no final judgment in said proceedings inasmuch as said rule has not been disposed of by this court.

On March 3, 1900, McMichael, J., filed the following opinion:

This is an action upon a bond which accompanied an appeal to the Supreme Court of Pennsylvania from the court of common pleas No. 3, the condition being that the appellant should prosecute the appeal with effect. The affidavit of defense sets forth, with sufficient accuracy, that the plaintiffs have discontinued their appeal, and the reasons therefor; but as the case may again be taken to the Supreme Court, we feel it proper that we should give our reasons for setting aside the judgment which had originally been entered.

The original entry of rule absolute instead of rule discharged was made, owing to the failure of the court to notice a supplemental affidavit which had been allowed, and which was filed on the same day on which the judgment was rendered. The date of the judgment was October 23. Subsequently the record was brought to us to be certified. Upon reading over the record, the supplemental affidavit was noticed, which had not theretofore been considered. The matter was brought to the attention of our court in banc and the mistake was rectified and the judgment was set aside, and the case was ordered to be reargued. The date when the record was handed to us for examination and certification does not appear, but the certiorari from the Supreme Court was brought into the office on October 25. The rule was originally marked absolute on October 23, 1899, and the reargument was ordered before the record was removed to the Supreme Court.

We have endeavored to hold rigidly to the rule set out in Fisher v. Hestonville, Mantua, etc., Railway Company, 185 Pa. 602, and have refused to interfere with adverse judgments after the term has passed ; but the correction of the prior error is in this case, we think, exceptional, and not a mere arbitrary exercise of discretion. The discontinuance of the appeal was at our suggestion, and until the present suit on the appeal bond we thought that it had met with the entire approval of both counsel.

In our opinion, therefore, the entry of rule absolute on October 23, 1899, should be stricken off, and there being, therefore, no final judgment, the appeal was properly discontinued, and the rule for judgment in the present proceedings upon the bond is discharged.

*Error assigned* was the order of the court.

*Charles Goldsmith*, for appellant.—It was impossible for the lower court to have set aside the judgment before the discontinuance in the Supreme Court on December 21, 1899 : Ensminger v. Powers, 108 U. S. 303 ; Bryan v. Berry, 8 Cal. 130 ; Boynton v. Foster, 48 Mass. 415 ; Stewart v. Stringer, 41 Mo. 400 ; Ladd v. Couzins, 35 Mo. 513 ; Levi v. Karrick, 15 Iowa, 444 ; Gardiner v. Murray, 4 Yeates, 560 ; Cox v. Henry, 36 Pa.

445; Martzinger v. Smith, 9 W. N. C. 274; Cox v. Henry, 36 Pa. 445.

Neither could the lower court have set aside the judgment after the discontinuance of December 21, 1899, because the term in which the judgment was entered had then expired: Abeles v. Powell, 6 Pa. Superior Ct. 123; Hill v. Egan, 2 Pa. Superior Ct. 596; King v. Brooks, 72 Pa. 363; Fisher v. Hestonville, Mantua, etc., Railway Co., 185 Pa. 602; Lance v. Bonnell, 105 Pa. 46; Conrad v. Commercial Mut. Fire Ins. Co., 81* Pa. 66; Catlin v. Robinson, 2 Watts, 379; Stephens v. Cowan, 6 Watts, 513; Mathers v. Patterson, 33 Pa. 487; Syracuse Pit Hole Oil Co. v. Carothers, 63 Pa. 379.

*Thomas R. Elcock*, with him *William S. Messemer*, for appellee, cited Gunn v. Bowers, 126 Pa. 552.

PER CURIAM, February 18, 1901:

The plaintiff's rule for judgment was made absolute by the failure of the court to notice a supplemental affidavit of defense which had been allowed, and which was filed on the same day on which the judgment was rendered. The error having been brought to the notice of the court in banc was corrected by setting aside the judgment and ordering a reargument. The proceedings relating to the correction of the error appear in the opinion of Judge McMICHAEL filed March 3, 1900. In the correction of the error we do not find anything prejudicial to any right of the plaintiff. Nor do we find any error in discharging the rule for judgment or " in not entering judgment for the plaintiff." The assignments are dismissed.

Judgment affirmed.